[No. 6755.]

## TOWERS ET AL. V. BALFE.

1. DEED—*Exception of Buildings*—A deed of lands contains a reservation of the right to remove the "building." A hydrant ten feet distant from the dwelling, and used not only to supply water thereto, but also to water live stock, is not within the exception. It is part of the realty, passes by the deed, and its removal by one claiming under the grantee is a trespass.

2. APPEALS AND WRITS OF ERROR—*Judgment*—Trespass for removing a fixture of trifling value. The cause having been litigated from a justice court, through the county court, to this court, the court below was ordered to enter judgment for the agreed cost of replacement.

*Error to Denver County Court.*—Hon. GRANT L. HUDSON, Judge.

Mr. ROBERT H. KANE, for plaintiffs in error.

No appearance for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

Patrick Kett conveyed certain premises to Keel & Ellison. In the deed, as well as in a prior contract of sale, the grantor reserved the right to remove the buildings. Later, Keel conveyed his interest in the premises to Towers, one of the plaintiffs in error. At the time of the conveyance by Mr. Kett, as well as at the time Mr. Towers became interested in the premises, there was a hydrant thereon, situated about ten feet from the house. This hydrant had been put in by Mr. Balfe, the defendant in error, two or three years before for

his mother-in-law, Mrs. Kett, and it was used in connection with the house and also to water the livestock. When the house was moved from the premises, Mr. Balfe, on his own motion, took this hydrant away. Mr. Kett did not know anything about or authorize its removal. An action was brought in a justice court for damages on account of the removal of this hydrant. From a judgment against him there, Mr. Balfe appealed to the county court, where, upon trial to the court, judgment was rendered in his favor for costs.

It is plain that the hydrant was a part of the realty and was conveyed with it unless reserved. Mr. Kett did not authorize Mr. Balfe to remove it. Even if Mr. Kett had done so, Mr. Balfe would have had no right to remove the hydrant because it was not reserved from the conveyance. It was not a building nor connected with or attached to the building so as to make it a part thereof. While it was used to supply water for the house, it was also used for the purpose of watering stock kept by the Ketts. In removing it, Mr. Balfe committed a trespass and he is liable to the plaintiffs in error for the damages occasioned thereby. The cost of replacing the hydrant was twelve dollars, and it was agreed that it was reasonably worth that sum. This small matter has been litigated enough. The judgment is reversed and the cause remanded with directions that the present judgment be vacated and another entered in favor of plaintiffs in error for twelve dollars and costs, as of the date of the former judgment.

*Reversed and Remanded.*

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.